**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0231-17T4

MTGLQ INVESTORS, LP,

      Plaintiff-Respondent,

v.

MIN WOO PARK and MRS.
PARK, wife of MIN WOO
PARK; and YOON HEE PARK,

      Defendants-Appellants,

and

BANK OF AMERICA, N.A.,
BBCN BANK; HSBC BANK USA
NATIONAL ASSOCIATION;
AMERICAN EXPRESS CENTURION
BANK; 1ST CONSTITUTION BANK;
MIDLAND FUNDING LLC; and UNITED
STATE OF AMERICA,

      Defendants.

_____

Submitted September 13, 2018 – Decided October 3, 2018

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-034552-15.

Law Offices of Park & Kim, LLC, attorneys for appellant (Kyungjoo Park, on the brief).

Pluese, Becker, & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

Defendants appeal from the final judgment of foreclosure entered after the grant of an order striking their answer and counterclaims and transferring the matter as uncontested to the Office of Foreclosure, and from an order overruling their objection to plaintiff's application for final judgment after remand from the Office.[1] We are unpersuaded by defendants' arguments: plaintiff did not have standing; a fraudulent title search made prior to the filing of the foreclosure complaint warrants dismissal of the complaint and sanctions against plaintiff, its attorneys and employees; plaintiff's notices of intention (NOI) were defective and never served on defendants, thus depriving defendants of an opportunity to apply for a loan modification under the federal government's Making Home Affordable Program (HAMP); the amount due schedule was erroneous and

---

[1] Defendants' notice of appeal and amended notice of appeal reference only the final judgment as the appealed order. Defendants' civil case information statement lists the other orders.

A-0231-17T4

unsupported, necessitating vacation of the judgment; and the trial court abused its discretion by disregarding meritorious defenses. As such, we affirm.

Defendants executed an adjustable rate note to Bank of America (BOA) for $352,000 on November 17, 2005; it was secured by a mortgage on a New Milford property. After complying with the terms of the note and mortgage for three years, defendants defaulted on November 1, 2008. BOA assigned the mortgage to Green Tree Servicing, LLC in June 2013; the assignment was recorded in July. A 2015 merger of several limited liability companies resulted in a surviving entity – Green Tree Servicing, LLC – which changed its name to Ditech Financial, LLC. Ditech filed a foreclosure complaint on October 19, 2015. During the pendency of the action, Ditech assigned the mortgage to plaintiff, MTGLQ Investors, LP. The trial court granted Ditech's motion to substitute MTGLQ as plaintiff.

Contrary to defendants' contention, Ditech proved standing. As the trial court found when it struck defendants' answer and counterclaims, Ditech demonstrated standing by submitting proof of possession of the note and of the pre-complaint assignment of the mortgage. See Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the

3

original complaint confer[s] standing"). Plaintiff's document specialist submitted a certification providing that her review of the business records relating to defendants' loan revealed both the note and assignment of mortgage was in Ditech's file; she attached copies of both to her certification. Moreover, Ditech established standing by submitting the assignment of mortgage, filed over two years prior to the commencement of suit against defendants.

Defendants' proffer of several documents indicating the Federal National Mortgage Association (FannieMae) was the loan's owner are insufficient to cast doubt on Ditech's standing, proved by the loan documents.[2] FannieMae is not mentioned as a party in any of the original loan documents or in any of the assignment documents. It was not joined as a party in this matter. We are satisfied the trial court did not err in finding Ditech had standing.

Defendants also reference a possession statement attached to the document specialist's certification as evidence that US Bank, not Ditech, possessed the note as of September 15, 2016. That date is of no moment. The

---

[2] Plaintiff represents in its merits brief that FannieMae "was the investor in the subject loan when the [c]omplaint was filed; however . . . Ditech was the [m]ortgagee of [r]ecord and holder of the [n]ote." We do not see any evidence in the record establishing FannieMae's status.

4

key date is the date on which the complaint was filed, in October of the year prior at which time the evidence shows Ditech possessed the note.[3]

We determine the balance of defendants' standing arguments, including that the note was delivered to plaintiff subsequent to the latest assignment, to be without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Defendants' related argument that certifications of counsel for Ditech and plaintiff, and those of the document specialist and a foreclosure specialist for plaintiff's servicer, were "believed to be fraudulently filed in violation of [Rule] 4:64-1(a)(2) and reflecting the 'robo-signing' without personal knowledge or business record review," was not made to the trial court, and will not be addressed on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

There is no merit to defendants' averment that the NOIs were deficient "because the lender of the subject loan stated in the [n]otices was different from that in the documents sent to the [d]efendants by [Ditech]." The notices were sent – in compliance with N.J.S.A. 2A:50-56[4] – to defendants at their last known

---

[3] Defendants claim in their merits brief that the trial court granted summary judgment despite the existence of disputed genuine issues of fact related to the ownership of the note and mortgage. The trial court did not grant summary judgment; it struck defendants' answer and counterclaims.

[4] The pertinent sections of N.J.S.A. 2A:50-56 provide:

address via certified mail, return receipt requested and regular mail, by Green Tree Servicing, LLC more than nine months before Ditech's complaint was filed. Ditech was the same entity as Green Tree; its name merely changed after the merger. We reject defendants' contentions that Ditech was required to show proof that the certified mail tracking numbers matched the numbers on the NOIs, and that the trial court was required to inquire "whether the certified mails were returned to sender but the notices sent by regular mails were not returned to sender." The statute deems notice "to have been effectuated on the date the

---

(a) Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give the residential mortgage debtor notice of such intention at least 30 days in advance of such action as provided in this section.

(b) Notice of intention to take action as specified in subsection a. of this section shall be in writing, sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage. The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.

6

notice . . . is mailed to the party." N.J.S.A. 2A:50-56(b). We also note that defendants' present contention that they never received the NOIs is belied by Min Woo Park's prior certification that, "[m]y wife and I have no recollection of receipt of any Notices of Intent to Foreclose in this matter."

There is no evidence that defendants attempted to cure any deficiency and were unable to do so because they were unable to contact a lender's representative listed in the NOI due to the name change. Nor is there any evidence that they were unable to seek financial assistance by applying to the HAMP or any other organization that provided guidance for modification of defaulted loans. The NOIs sent to defendants were fully compliant.

We reject defendants' challenge to the accuracy of the amount due substantially for the same reasons set forth by the trial court in its reasons attached to the order overruling defendants' objection to entry of the final judgment. We add only that the amount due on the date of default is not set forth in the certification of amount due and schedule submitted by the foreclosure specialist employed by plaintiff's servicer in compliance with Rule 4:64-2(b).[5] The default-date balance can easily be ascertained from the precise

---

[5] The pertinent part of this Rule provides that the schedule of amount due shall set forth a number of charges, including "the principal due as of the date of default."

A-0231-17T4

breakdown of interest rate, per diem interest, and days between the date of default and the next interest change set forth on the schedule. In fact, a quick calculation confirms that the unpaid principal balance as of March 10, 2017, listed on the schedule, is actually the amount due on the date of default. The date of the unpaid principal balance is erroneous. Plaintiffs, however, complied with the Rule. The error, obvious by application of simple math, does not require the judgment vacation now sought by defendants.

The balance of defendants' arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0231-17T4